UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-20303-BLOOM/Otazo-Reyes**

JACQUELINE CANOVAS,

    Plaintiff,

v.

MIAMI-DADE COUNTY,
*a political subdivision of the State of Florida*

    Defendant.

_____/

**ORDER OF DISMISSAL**

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On January 25, 2023, Plaintiff Jacqueline Canovas ("Plaintiff") filed a Complaint, ECF No. [1], and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion to Proceed *in Forma Pauperis*"), ECF No. [3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to the statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

    The Court must first assure itself that it has subject matter jurisdiction. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "empowered to hear only those cases

Case No. 23-cv-20303-BLOOM/Otazo-Reyes

within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)) (internal quotation marks omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d at 410 (alteration added).

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

Plaintiff, proceeding *pro se*,[1] has filed her Complaint with the Court and alleged that the action is brought against her employer, Miami-Dade County, to redress deprivation of rights under the Florida Civil Rights Act of 1992, and for damages in excess of thirty thousand dollars ($30,000.00), exclusive of interest and costs. *See* ECF No. [1] at ¶¶ 1-2, 7. Plaintiff has not

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Thus, the allegations in the complaint must be accepted as true and construed in the light most favorable to the *pro se* plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). However, a *pro se* filer "still must comply with the Federal Rules of Civil Procedure." *Rodriguez*, 775 F. App'x at 602 (citing Fed. R. Civ. P. 8(a)(2) and *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). A district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Rodriguez*, 794 F. App'x at 603 (internal citation and quotation marks omitted).

articulated jurisdiction under a specific statutory grant. Although Plaintiff attached the official notice of right to sue from the U.S. Equal Employment Opportunity Commission, ECF No. [1-2], Plaintiff states specifically that her employment discrimination claims are brought under the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01, *et seq.*, rather than under a federal law which similarly prohibits employment discrimination. Plaintiff therefore fails to allege federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff does not allege diversity of citizenship or an amount in controversy more than $75,000.00. Therefore, diversity jurisdiction does not exist.

The Court thus lacks subject matter jurisdiction in this case.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.
2. Plaintiff's Motion, **ECF No. [3]**, is **DENIED as moot**.
3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Jacqueline Canovas
6551 SW 18th Street
Miami, FL 33155
PRO SE